UNITED STATES *v.* CHELSEA BAG & BURLAP CO. (No. 2118).[1]

CONSTRUCTION—INCONGRUITY TO BE AVOIDED—WASTE TWILLED BAGS.

It would not be in harmony with the general policy of the tariff law to make the usable fabric of worn-out sugar bags dutiable at the same rate as if the fabric were new. Such bags, shown to be suitable for patching cotton bales, being excluded from entry free of duty under paragraph 408, tariff act of 1913, by reason of not being plain woven, should not be classified as manufactures of vegetable fiber under paragraph 284 and so made to bear the same rate of duty as if new; and the decision of the Board of United States General Appraisers classifying them as waste under paragraph 384 is affirmed.

## United States Court of Customs Appeals, March 31, 1922.

APPEAL from Board of United States General Appraisers, Abstract 44250.

[Affirmed].

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellee.

----

[1] T. D. 39079.

[Oral argument February 16, 1922, by Mr. Hoppin and Mr. Brown.]

Before SMITH, BARBER, and MARTIN, Associate Judges; DE VRIES, Presiding Judge, participating in the decision by agreement of counsel.

BARBER, Judge, delivered the opinion of the court:

When this case was tried before the Board of General Appraisers, the classification and consequent assessment of duty on various other bags and sacks, as well as the bags involved in this appeal, were under consideration, and the protests relating thereto were overruled by the board. From that judgment no appeal was taken by either party.

The particular protest, numbered 936,809, which is the subject of this appeal, covered old, used, twilled, jute sugar bags. They were classified and assessed by the collector under paragraph 284 of the act of 1913, while the importer claimed classification under various paragraphs, amongst others, 384 of the same act.

An amended appraiser's return to the collector, incorporated in the record, which is relied upon by both parties, and was by the board in determining the case, shows the character and condition of the importation, and is as follows:

> The merchandise subject of protest consists of twill woven sugar bags, with interwoven colored stripe, tied into bundles of 25, and in wet condition just as shipped from the refinery.
>
> Approximately half of the shipment consisted of damaged bags or those which had been purposely cut to destroy their identity as bags. In accordance, therefore, with decision of the General Appraisers rendered under date of September 24, 1920 (T. D. 38506), we would amend our report upon your order, returning 50% of the shipment as waste n. s. p. f. dutiable at 10%, P. 384, and the balance at 35% under P. 284, all as entered.

The collector, however, assessed all these bags at 35 per cent ad valorem under paragraph 284, and in his return to the Board of General Appraisers, after referring to the above quoted return of the appraiser, said that—

> inasmuch as the reliquidation of the entries, if made, following the appraiser's return would not sustain the protest in full, and the importers also make a claim for free entry under par. 566, or par. 408, or par. 586, the protest is forwarded to the board fo its consideration.

Testimony was heard by the board, and concerning the merchandise here involved it found, in substance, that 50 per cent of the bags covered by the protest were usable as bags and the other 50 per cent suitable for patching cotton. The board sustained the protest as to 50 per cent of each entry covered by it, holding that one-half of the bags were classifiable as waste under paragraph 384, overruled the same as to the remainder, and directed reliquidation accordingly.

The Government only appealed, so that the sole question here is whether the judgment of the board directing classification of 50 per cent of these bags as waste under paragraph 384 should be sustained.

The paragraphs are as follows:

284. All woven articles, finished or unfinished, and all manufactures of flax, hemp, ramie, or other vegetable fiber, or of which these substances, or any of them, is the component material of chief value, not specially provided for in this section, 35 per centum ad valorem.

384. Waste, not specially provided for in this section, 10 per centum ad valorem.

The Government relies upon the case of McGettrick *v.* United States (11 Ct. Cust. Appls. 64; T. D. 38727).

It is important at this point to know exactly what was decided in that case. The merchandise, the classification of which was there under consideration, was found by the board, and assumed by the parties and this court, to be bags so worn, torn, cut, or slashed as to be unsuitable for reuse as bags, but which contained sufficient good cloth to make it commercially practicable to use them, or some of the cloth of which they were made, for patching cotton bales and as covers for barrel heads. They were referred to by the board as cotton patches. Evidently some were twill woven or colored and some were made from plain woven fabrics of single jute yarns not colored. All were by the board held classifiable as waste under paragraph 384. They had been assessed by the collector under paragraph 281 as bags or sacks made from plain woven fabrics of single jute yarns, not dyed, colored, etc.

That case before the board also involved bags suitable for reuse as such and bags so badly worn out or rotted that the material of which they were composed was chiefly used for paper making, but no question as to the classification of these two kinds of bags was raised in this court.

As to the bags used for patching and covers for barrel heads the importer claimed that such thereof as were made of fabrics composed of single jute yarns, not colored, etc., were entitled to free entry under paragraph 408; but, as stated, the board held that all these bags usable as patches, whether plain woven or twilled, were properly classifiable under paragraph 384 as waste not specially provided for.

In this court both the Government and the importer agreed that the merchandise was waste bagging, but the importer contended that because of the fact that the fabric itself was usable as patching it must, for the purposes of the tariff law, be regarded as in its original condition as a fabric, and that inasmuch as this fabric was of plain woven single jute yarns, not dyed, colored, stained, etc., it was more closely described in paragraph 408 than in the provision for waste not otherwise provided for; that is, the question reduced to whether the provision of paragraph 384 or of 408 more specifically described the merchandise.

In this court the importer's contention was upheld.

In the opinion by Smith, Judge, among other things, it was said:

We have no difficulty in agreeing with the Government that bags may be so cut, worn, and torn that they are useless as bags and are waste bags, and that the fabrics of which they are made may be so damaged that they are useless as fabrics and are waste fabrics. * * * Bags which are simply cut down one side and through both ends, but not otherwise damaged, are evidently reduced to the original material out of which they were made, and while it must be admitted that bags so cut are no longer bags, it can hardly be said that the fabric of which they are chiefly composed, is no longer a fabric. * * *

The wear, tear, cutting, and other damage done to the bags in controversy reduced them to the condition of a mere material, and whether that material was classifiable as a waste or as a fabric depended entirely on its commercial use.

It should be expressly noted that this conclusion was limited to bags made of plain woven single jute yarns, not dyed, colored, stained, printed, or rendered noninflammable by any process.

The Government in the instant case argues that the bags involved in the case now before us, applying the logic of the McGettrick case, have been reduced to the original condition of material; that it is commercially useful and chiefly used as a textile fabric; that as it is twilled, instead of plain woven, it is not entitled to free entry under paragraph 408; that it should not be regarded as waste n. s. p. f. under paragraph 384, but rather should be classifiable under paragraph 284 as a manufacture of vegetable fiber.

The importer points out that in the McGettrick case the Government contended, as importer agreed, that the merchandise there was waste under paragraph 384; that but for the more specific provisions of paragraph 408 it would have been dutiable as waste; contends that in the case at bar the merchandise is likewise waste, which, because it is twilled, is excluded from paragraph 408, and claims that it should therefore be classified as waste under paragraph 384.

The importer fortifies this position by asserting that for a long time bags such as these have been regarded by the executive department, by the Board of General Appraisers, and by the courts as classifiable as waste. The Government does not dispute this assertion.

It must be admitted that if paragraph 408 covered twilled as well as plain woven fabrics, the bags here if otherwise therewithin would take the classification adopted in the McGettrick case.

The relevant part of free entry paragraph 408 reads as follows:

408. Bagging for cotton, gunny cloth, and similar fabrics, suitable for covering cotton, composed of single yarns made of jute, jute butts, seg, Russian seg, New Zeland tow, Norwegian tow, aloe, mill waste, cotton tares, or other material not bleached, dyed, colored, stained, painted, or printed, not exceeding sixteen threads to the square inch, counting the warp and filling, and weighing not less than fifteen ounces per square yard; plain woven fabrics of single jute yarns by whatever name known, not bleached, dyed, colored, stained, printed, or rendered noninflammable by any process; * * * *

Obviously it was made by combining paragraphs 352 and 355 of the act of 1909. Paragraph 355, which was made the first part of paragraph 408, provided for a specific duty upon bagging for cotton, gunny cloth and similar fabrics, suitable for covering cotton, composed of single yarns made of jute, etc., not bleached, dyed, colored, stained, painted, or printed, and paragraph 352 provided a specific and ad valorem duty upon plain woven fabrics of single jute yarns of whatever name known, according to count of threads, with no limitation as to color or other condition thereof.

As consolidated and reenacted in paragraph 408, the provisions of paragraph 355 of the preceding act are not materially changed, except enlarged as to the material from which the yarns might be made, but paragraph 352 was changed by incorporating the limitation that the fabric should not be bleached, dyed, colored, stained, printed, or rendered noninflammable by any process.

In the McGettrick case it was pointed out that absolutely new fabrics of single jute yarns, not further advanced than plain woven, were entitled to free entry, while fabrics of the same kind, when cut from old bags, if held to be waste, would be dutiable, which is to say, that a used or partially worn-out fabric would be dutiable, while when new it would be free, an anomalous result, as the court observed, not in accordance with the policy of tariff laws.

With reference to the claimed administrative practice, it appears that the classification of merchandise of character similar to this has been the subject of much litigation.

In T. D. 31776, dated July 26, 1911, the Treasury Department announced that an exhaustive investigation had been made, as a result of which it was deemed advisable to inform the customs officers and others concerned its views as to the classification of this class of merchandise.

Half-tone engravings of various kinds of bags were made part of this decision, and referred to as exhibits numbered 1 to 11. Exhibits 1, 2, and 3 consisted of pieces of old bagging of various sizes, which it was said were exclusively used for patching for cotton bales. Exhibits 7 and 8 represented sugar bags cut and torn but of sound material and used for making covers for cotton bales. All these exhibits the department directed to be thereafter classified as waste under paragraph 479 of the act of 1909, which is identical with paragraph 384 of the present act.

So far as can be determined from an inspection of the half-tone engravings representing these exhibits, it would seem that the merchandise involved in this appeal would be classifiable as waste by the authority of this Treasury ruling, if controlling.

As already suggested, the Government makes no reply to the contention of the importer that administrative practice is of consequence here, but relies altogether upon the authority of the McGettrick case.

In T. D. 30800 (Abstract 23742), dated July, 1910, which is referred to by the Treasury Department in T. D. 31776, the Board of General Appraisers adopted the view that is embodied in the department ruling as to secondhand burlap sugar bags, chiefly used for patching or baling cotton.

In T. D. 28202, decided May 23, 1907, the board considered the classification of old bagging which had been assessed by the collector as waste under paragraph 463 of the tariff act of 1897, which is in legal effect the same as paragraph 384 of the present act. There were three classes of the merchandise in that case, one of which consisted of large pieces suitable for patching or baling cotton. It had been assessed by the collector as waste, and that action was sustained by the board. The board cited and relied upon the case of Train Smith Co. (140 Fed. 113), which involved the classification of similar articles made of jute bagging. In that case, however, the court overruled a decision of the board directing the classification of the merchandise as waste, because it found, upon the evidence, that the merchandise could not be used for patching cotton bales, but was free as rags.

Train v. United States (107 Fed. 261), affirmed in 113 Fed. 1020, certiorari to the Supreme Court denied in 186 U. S. 483, is cited by the importer in support of his contention. In that case the merchandise was found by the board to be old gunny bagging made of jute used chiefly for paper stock, and held to be classifiable under paragraph 463 of the act of 1896 as waste not specially provided f)r, instead of under paragraph 344 of the same act as bagging for cotton or gunny cloth suitable for covering cotton. It appeared that there were various sizes of the cloth in the importations, the larger ones being suitable for covering cotton, the smaller not fit for such purpose, and in addition, that the merchandise was used for making mattresses, sweat pads, and various other things, although it was chiefly used for paper stock. No segregation of the merchandise devoted to the different uses being shown in that case, the learned circuit judge concurred in the opinion of the board "that the practical uses of the goods for purposes of manufacture, other than conversion into paper, are so relatively substantial and significant" as to justify a classification for waste rather than under paragraph 632 as paper stock, and therefore entitled to free entry.

Many other cases are cited by the importer that tend to show that old jute bagging, no longer susceptible for use as bags, the material fabric of which is in condition to be used for covering cotton or patching for covering cotton, has been classified as waste under and ever since the tariff act of 1897, and these cases, so far as we have noticed, make no distinction between plain woven and twilled material.

We think a case of long-continued administrative practice and judicial determination that merchandise like that here involved has been regarded as classifiable as waste not otherwise specially provided for under previous tariff statutes, not differing materially in meaning from that relied upon here, has been established.

We see nothing in the act of 1913 that indicates this provision for waste shall no longer be regarded as applicable to the merchandise here.

We are still of opinion that, for reasons best known to itself, Congress indicated by the consolidation and reenactment of paragraphs 352 and 355 of the act of 1909 into paragraph 408 of the act of 1913 its will that plain woven jute fabrics of the character involved in the McGettrick case should be removed from the previous classification of waste, which would render them dutiable, and be given free entry.

There was no incongruity in the McGettrick case in holding that new fabrics and those of the same kind which were worn out for the first purpose to which they had been devoted, were free of duty, while there is an incongruity, which we are not willing to adopt in this case, in holding that waste bags composed of twilled fabrics shall pay the same rate of duty as if the fabrics were new, especially when such a view would result in overthrowing a long-continued customs practice founded upon judicial determinations of which Congress is presumed to be cognizant.

The judgment of the Board of General Appraisers is *affirmed.*