(C. D. 1065)

JOHN I. HAAS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided October 23, 1947)

*Lawrence & Tuttle* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon* and *Harold L. Grossman*, special attorneys), for the defendant.

Before TILSON, KINCHELOE, and LAWRENCE, Judges; LAWRENCE, J., not participating

KINCHELOE, Judge: The merchandise here involved consists of certain pieces of burlap imported from Canada, invoiced as "Used burlap hop sacks." The burlap had been used to bale hops which were exported from the United States to Canada and then the pieces of burlap were reimported into the United States. The merchandise was accordingly assessed for duty at the rate of 1 cent per pound under paragraph 1008 of the Tariff Act of 1930, as "Woven fabrics, wholly of jute, not specially provided for, not bleached," etc. It is variously claimed to be free of duty (1) under paragraph 1615 of said act, as amended, relating to American goods returned; or (2) under paragraph 1617 as "Waste bagging"; or (3) under paragraph 1750 as paper stock; or (4) dutiable under paragraph 1555 as "Waste, not specially provided for," at 10 per centum ad valorem. As the record discloses that the regulations of the Secretary of the Treasury were not fully met under the requirements of said paragraph 1615, regarding the free entry of American goods returned, and as there is no evidence to support the claim under paragraph 1750, and inasmuch as if the imported merchandise was in fact a waste, it would, of course, be more specifically provided for under said paragraph 1617 as waste bagging, rather than under paragraph 1555 as waste, not specially provided

for, the only claim therefore that need here be considered is that under said paragraph 1617, as waste bagging.

Upon the trial counsel for the plaintiff moved in evidence collective exhibit 1, a copy of a letter dated Washington, January 14, 1943, from the Commissioner of Customs to the collector of customs at San Francisco, on the subject of the present importations, from which we quote as follows:

The appraiser upon further inquiry states as follows: "Reporting on the condition of hop sacking entered on Entry 0287 and various other entries made at S. F. and invoiced as hop sacks, I will state they are in fact pieces of heavy burlap, the dimensions running from 27½'' x 90'' to 44'' x 90'' with selvage on both sides, and the ends are cut irregular; most of the burlap is in fairly good condition although some may be torn or dirty; most of it is reusable. It has the appearance of having been sewn around bales of hops or other objects as the needle holes and pieces of jute twine are still in the burlap."

Plaintiff called George A. Proctor, a dealer in hops and hop supplies, to whom several of the importations in question were consigned. He testified that he furnished to the growers of hops, strips of burlap in which to pack or bale the hops in order to bring them into the market; that when the hops are baled, two strips of burlap 44 inches wide and two and a half yards long are used for one bale; that the merchandise in question was torn in places and had ragged ends; that usually new bagging was used, but that during the war shortage such new material was unavailable, so that this used bagging was reused.

Plaintiff also called G. A. Gumbrecht, an importer of sugar, fibers, and jute products, who described waste bagging as bagging which had been used and discarded.

In support of its claim plaintiff in its brief cites the case of *Fulton Bag & Cotton Mills* v. *United States*, 59 Treas. Dec. 109, T. D. 44528, and other cases in which the court held certain second-hand jute material to be waste bagging. In that case it will be noted, however, that the merchandise could only be used as patches for cotton. In *T. E. Ash et al.* v. *United States*, 64 Treas. Dec. 446, T. D. 46704, the mixed pieces of old or second-hand jute bagging could only be used as patches for covering sample holes in bales of cotton, for tare purposes, and as a surface for marking bales of cotton, and some of them could only be used for shredding into fiber for the purpose of respinning. Again, in *United States* v. *Chelsea Bag & Burlap Co.*, 11 Ct. Cust. Appls. 255, T. D. 39079, and *T. E. Ash* v. *United States*, 16 id. 225, T. D. 42838, the merchandise in its imported condition, without being repaired or mended, could only be used for patching cotton bales. Likewise, in the cases of *American Mfg. Co.* v. *United States*, 68 Treas. Dec. 726, T. D. 48018, and 69 Treas. Dec. 97, T. D. 48096, the merchandise which was held to be waste bagging and waste sugar sack cloth in its imported condition could only be used for cotton patches.

The testimony in the present case, we think, easily distinguishes it from the foregoing, as it is here shown that the full-length pieces of the used or second-hand hop bagging in its imported condition could be and was again used for baling hops, the same as the original material, apparently without the necessity of mending, sewing, or repairing. It is true that the testimony shows that some of the merchandise was torn in places and had needle holes and some torn edges, but apparently this did not prevent it from being used again the same as before.

The Supreme Court of the United States in *Patton* v. *United States*, 159 U. S. 500, defined the term "waste" as follows:

\* \* \* The prominent characteristic running through all these definitions [of waste] is that of refuse, or material that is not susceptible of being used for the ordinary purposes of manufacture. It does not presuppose that the article is absolutely worthless, but that it is unmerchantable and used for purposes for which merchantable material of the same class is unsuitable.

In the case of *Chicago Mica Co. et al.* v. *United States*, 21 C. C. P. A. 401, T. D. 46927, certain scrap mica was imported and classified as mica, and was claimed dutiable as waste. It was shown that formerly the scrap mica had been discarded in a scrap heap, but that due to the invention of a splitting machine the mica could now be used for the same purposes other mica was used. The appellate court, in holding the mica was not waste, after citing the above definition from the *Patton* case, *supra*, stated at page 406:

Applying the foregoing definition to the merchandise at bar, we do not think such merchandise may properly be held to be waste. Instead of being material not "susceptible of being used for the ordinary purposes of manufacture," the record discloses that it *is* susceptible of such use and *is* so used, and furthermore it discloses that it is merchantable for the exact purposes for which other admittedly merchantable and dutiable mica is suitable.

As it is shown herein that the used hop sacks under consideration were susceptible of being used for the ordinary purposes of jute fabric, and in fact were used for the same purpose as originally, namely, for baling hops, we think the ruling in the *Chicago Mica Co.* case, *supra*, is very applicable in the present instance. The mere fact that jute fabric or bagging is second-hand or has once been used is hardly sufficient in itself to bring it within the classification of waste bagging under the tariff act. We know of no case that has gone that far, and none has been cited to that effect.

It is perhaps possible that some of the pieces of the hop sacking in question may have been so torn, ragged, and holey as to require mending, sewing, and repairing before being fit for further use for baling hops, but if so, there has been no segregation of the merchandise under section 508 of the tariff act, so that the importations have to be considered as a whole.

For all of the foregoing reasons the claim of the plaintiff for free entry under paragraph 1617, as waste bagging, as well as all other claims, are hereby all overruled. Judgment will be rendered accordingly.